Bissell, P. J.,
delivered the opinion of the court.
The controversy is an exceedingly narrow one and presents but one question for consideration. Chapter 97, of the General Statutes, as amended by the acts of 1887, page 397, defines the duties of a county superintendent. Without attempting to quote the statute, or state in detail what those duties are, it may be observed that they relate solely to the schools established in his own county, their superintendence, an oversight of the teachers and various officers, and the management, within defined limits, of the funds used for school purposes. The same act provides that his compensation for this labor shall be five dollars per day, and ten cents a mile for the distance necessarily traveled in counties of the class within which Sedgwick is included. There is nothing in these various acts and amendments which imposes on the superintendent the duty of attending the district normal, nor has he any connection with it under the act which established it (Session Laws, 1891, page 320), save to aid in the selection of an executive committee, which determines the time and place for holding the institute and selects the conductor or instructor for it. There are certain duties imposed by the act upon those who are selected as members of the executive committee, but these do not include an attendance upon the institute, nor the discharge of any duties in immediate con *117 nection with its sessions. Under these circumstances, it is not easy to see any reasonable basis for the contention that the county superintendent is entitled to a yer diem and mileage for an attendance at its sessions. It is always true that where the duties of an officer and his compensation are prescribed by statute, it alone can be looked to for the purposes of ascertaining and settling what his rights may be in respect of such matters. Where the duties are defined and the compensation definitely provided, no claim can be made for any fees other than those specifically stated. In the present case no duty is laid on the superintendent to attend the normal institute, and if -he does attend, such attendance cannot be held to be the performance of a statutory duty entitling him to the compensation provided for in the other section of the act.
The judgment accords with our views of the proper construction of the statute, and it will accordingly be affirmed.

Affirmed.